Russell A. Robinson, SBN 163937
Law Office of Russell A. Robinson
345 Grove Street, 1st Floor
San Francisco, CA 94102
Phone:      415.255.0462
Fax:           415.431.4526
rlaw345@gmail.com/rarcases@yahoo.com

Counsel for Plaintiff
EDGAR MELENDEZ

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDGAR MELENDEZ, | Case No. |
| Plaintiff, | **COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF** |
| v. | [Employment] |
| JEANNE EMMETT, SUNNYVALE LIFE, INC., dba LIFE'S GARDEN, POLO PEREZ, and DOES 1 through 40, | [Jury Trial Demanded] |
| Defendants. | |

COMES NOW PLAINTIFF EDGAR MELENDEZ AND STATES AS FOLLOWS:

**JURISDICTION AND VENUE**

1. This action arises under 42 USC §1981, presenting a federal question. This Court thus has jurisdiction of this matter and the pendent state law claims. Thus, Plaintiff files this action in this Court.

2. The claims alleged arose in and around the City of Sunnyvale, County of Santa Clara, State of California. Therefore, venue is proper in the Northern District of California.

**PARTIES**

3. Plaintiff Edgar Melendez is an adult male citizen of the United States residing in the State of California, City & Count of San Francisco. He is of Puerto Rican ancestry, and of mixed race. His ancestry includes person of African (black) origin. At all relevant times, Plaintiff has been over 40 years of age.

4. On information and belief, Defendant JEANNE EMMETT, also known as JEANNE E. EMMETT (Emmett), is, or was, the Administrator of LIFE'S GARDEN. Life's Garden, a seniors' resident apartment complex, is located in the City if Sunnyvale, in the County of Santa Clara. On information and belief, SUNNYVALE LIFE, INC., is the parent corporation. Life's Garden and Sunnyvale Life, Inc., are referred together as "Life's Garden" unless noted. Defendant POLO PEREZ (Perez) is, or was at all relevant times, Plaintiff's direct supervisor at Life's Garden.

5. Plaintiff is ignorant of the identities of Defendants DOES 1 though 40, and therefore sues such defendants as fictitiously named persons/entities, whose true identities and roles in the events which are the subject matter of this complaint are presently unknown.

6. Plaintiff will amend this complaint to identify fictitiously named Defendants and to set forth facts relating to each when same become known to Plaintiff. Plaintiff is informed and believes and thereon alleges that each DOE Defendant is legally responsible for events alleged herein which caused injury and damage to Plaintiff.

7. In doing acts or omissions alleged, Defendants and each of them were acting in the course and scope of their employment with their respective agencies.

8. In doing the acts or omissions alleged, Defendants acted under color of authority and/or under color of law.

9. In doing acts or omissions alleged, each Defendant acted as the agent, servant, employee, and/or in concert with each of the other Defendants herein.

**SPECIFIC FACTS**

10. Melendez was hired by Life's Garden on about July 30, 2001. He was hired to work in the maintenance department; his position was as "painter-maintenance person."

11. On January 31, 2003, Melendez was injured on the job at Life's Garden. Through no fault of his own, Melendez suffered a fracture of his spine. After one year of disability and rehabilitation, Edgar Melendez returned to work in the same position, but with different duties, on about January 14, 2004.

12. Because of his injuries, Melendez was no longer able – safely – to lift 100

1  pounds.  This duty was modified.

2  13. In January 2004, Emmett and Life's Garden changed the job description of
3  "painter-maintenance person."  Melendez would now be required to maintain his pre-hire
4  commercial driver's license (Class B) in order to act as the facility's back-up bus driver.

5  14. While Melendez started at Life's Garden with a Class B license, because of his
6  industrial injury, he likely would not be able to pass a federal and state mandated drug test.
7  That is, the job-place injury required Melendez to take prescription painkillers which would
8  cause a positive test result, thereby disqualifying him from operating the facility bus.  Emmett,
9  Life's Garden, Perez, and Does 1-40 were aware of this situation at all times.

10  15. Management at Life's Garden refused to hire or to train another back-up driver.
11  Having made some accommodation to Melendez's work duties in order to comply with its
12  statutory duty to permit him to remain employed, Life's Garden was now requiring Melendez to
13  take and to pass a federally mandated drug test.

14  16. To make this possible, Edgar Melendez was told in advance when drug tests
15  would occur by Emmett, Life's Garden, Perez, and each of them.  He was then instructed not to
16  ingest prescription painkillers for a period of several days to allow opiates to leave his system.

17  17. Pursuant to the ongoing unlawful efforts by Life's Garden to circumvent both
18  federal and state safety laws as well as the California Labor Code as it relates to industrial
19  injuries, Melendez would in fact follow these dictates at great risk to his own safety and the
20  safety of potential passenger.  On instructions he received from Life's Garden administration, in
21  the days before the test, he would cease taking opiates he had been legally prescribed for his
22  injuries and pain, and he would then pass the drug tests.

23  19. Of course, each time the drug tests had been administered and Edgar Melendez
24  tested "clean" – not positive – Melendez would resume the course of his painkillers and, on
25  those few occasions he had to operate the facility's bus, he technically would be under the
26  influence of those medications.  While Melendez expressed some puzzlement and objection to
27  Life's Garden about this arrangement, he did not want to lose his job.  Because he so rarely
28  was called upon to drive the facility bus, the risk posed to Life's Garden residents was minimal.

20. The same cannot be said about one particular issue Edgar Melendez raised again and again to Jeanne Emmett. That is the danger to the female residents at Life's Garden posed by Polo Perez. Perez has had a number of notorious, inappropriate, and dangerous liaisons with some of the elderly, female residents at Life's Garden. Melendez frequently criticized these inappropriate relationships, directly to Perez and to Emmett.

21. Perez's conduct in this regard, appeared and continues to appear to constitute elder abuse under Welfare & Institutions Code sections 15600, et seq. Perez often boasted about his sexual exploits with elderly, female residents at Life's Garden. He also proudly displayed some of the gifts these women had given to him or allowed to him to purchase through monetary largesse bestowed upon Perez. Despite frequent criticism of Perez's illegal – criminal – conduct, Director Emmett refused to take appropriate action. Thus, Life's Garden will be shown to have adopted and ratified the conduct of Perez.

22. Rather than deal with Perez's problematic behavior, Life's Garden – as with the wrongful handling of drug testing addressed above – focused on Melendez. Another employee should have been trained to operate the bus and to obtain the requisite Class B license on those rare occasions when necessary; and, Perez should have been counseled, warned, and, if need be, terminated. But, he has been allowed to continue to prey upon the vulnerable.

23. However, when Melendez received a driving under the influence citation, Life's Garden wasted no time in terminating him as of May 31, 2012. While he should never have been operating the bus in any event because of his medical condition and Life's Garden improper testing protocols, Melendez was terminated on the pretext of the suspension of his Class B license. This pretext ignored the fact that Melendez's commercial – Class B – license was not suspended at the time of his termination.

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION – CAL. GOVT. CODE §12900, ET SEQ.

**(As to Defendants Sunnyvale Life Inc., dba Life's Garden, and Does 1-40)**

24. Plaintiff re-alleges and incorporates by reference all preceding paragraphs.

25. Under federal law, specifically 42 USC section 1981(a), "All persons within the

1  jurisdiction of the United States shall have the same right in every State and Territory to make
2  and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all
3  laws and proceedings for the security of persons and property as is enjoyed by white citizens,
4  and . . . subject to like punishment, pains, penalties, taxes, licenses, and exactions of every
5  kind, and to no other."

6      26.    "Make and enforce contracts" is defined in 42 USC section 1981(b) as to include
7  "the making, performance, modification, and termination of contracts, and the enjoyment of all
8  benefits, privileges, terms, and conditions of the contractual relationship." Plaintiff and Life's
9  Garden entered at one, relevant employment contract at the beginning of Plaintiff's employment
10 with Life's Garden.

11     27.    Plaintiff is informed that, as to Defendants Sunnyvale Life, Inc., dba Life's
12 Garden, Does 1-40, and each of them, each was acting in pursuant to official, *de facto* policies
13 and in concert with one another when they injured and impaired Plaintiff, a man with African-
14 American (black) ancestry. Each defendant was acting with the shared objective to injure
15 Plaintiff and others like him. Violations included but were not limited to the following:

16         a.    Right to be free from discrimination based on race and/or protected
17             activity;
18         b.    Right to make/enforce contract; and/or,
19         c.    Right to Equal Protection (full and equal benefit) of the Law.

20     28.    Perez, Plaintiff's direct supervisor, referred to Plaintiff as "Niger" during the time
21 that Plaintiff worked at Life's Garden.

22     29.    Said rights are substantive guarantees under the United States Constitution.
23     30.    Plaintiff was damaged in an amount according to proof at trial.
24     WHEREFORE, Plaintiff prays for relief as set forth below.

25       **SECOND CAUSE OF ACTION – CAL. GOVT. CODE §12900, ET SEQ.**
26       **(As to all Defendants)**

27     31.    Plaintiff re-alleges and incorporates by reference all preceding paragraphs.
28     32.    The employer is strictly liable for the supervisor's actions regardless of whether

*Melendez v. Life's Garden, et al.*  
COMPLAINT FOR DAMAGES  
AND INJUNCTIVE RELIEF      - 5 -       P001

1  the supervisor was acting as the employer's agent.  *See, e.g., State Dept. Of Health Services v.*

2  *Superior Court* (2003) 31 Cal.4th 1026, 1041, fn. 3.  California Government Code (GC) section

3  12940(a) states in relevant part as follows: "It is an unlawful employment practice

4   (a) For an employer, because of the race, . . ., color, national origin, ancestry, physical
    disability, mental disability, medical condition, . . ., marital status, sex, gender, . . ., age,
5   or sexual orientation of any person, to refuse to hire or employ the person . . ., *or to
    discriminate against the person in compensation or in terms, conditions, or privileges of*
6   *employment.*

7   33.   Clearly, the inability to operate the commercial bus was never a material issue

8  because Melendez legally was disqualified from operating that bus when he suffered the

9  crippling industrial injury in January 2003.  Thus, Plaintiff was terminated in violation of sections

10 12900, et seq.  Plaintiff was required to submit a claim to the California Department of Fair

11 Employment & Housing (DFEH); Plaintiff timely submitted such a claim as to each of Defendant

12 named herein.  A right to sue notice was issued by the DFEH.

13   34.   Plaintiff was damaged in an amount according to proof at trial.

14   WHEREFORE, Plaintiff prays for relief as set forth below.

15                              **THIRD CAUSE OF ACTION**

16              **Breach of the Implied Obligation of Good Faith and Fair Dealing**

17                                   **(All Defendants)**

18   35.   Plaintiff incorporates all previous allegations as though fully set forth below.

19   36.   As alleged, Plaintiff suffered and continues to suffer losses caused by

20 Defendants and each of them.

21   37.   Defendants have been notified of the losses and the cause of the losses.

22   38.   Defendants, unreasonably or without proper cause, failed to take corrective

23 action as alleged above.

24   39.   Plaintiff was harmed and damaged, and Defendants' conduct was a substantial

25 factor in causing Plaintiff's harm and damage.

26   40.   WHEREFORE, Plaintiff prays for relief as set forth below.

27

28 / / /

## FOURTH CAUSE OF ACTION

### Negligence

### (All Defendants)

41. Plaintiff incorporates all previous allegations as though fully set forth below.

42. Defendants and each of them owed duties to Plaintiff. These included but were not limited to the following duties:

    (A) To investigate and to handle employment matters in a proper manner;

    (B) To examine the underlying bases for any claim of improper conduct; and,

    (C) To permit Plaintiff to continue working in his same position.

43. In doing, and, where applicable, failing to do the acts alleged above Defendants breached the duties owed to Plaintiff.

44. Plaintiff was harmed and damaged, and Defendants' conduct was a substantial factor in causing Plaintiff's harm and damage.

WHEREFORE, Plaintiff prays for relief as set forth below.

## FIFTH CAUSE OF ACTION

### Intentional/Negligent Misrepresentation

### (All Defendants)

45. Plaintiff incorporates all previous allegations as though fully set forth below.

46. As alleged above, Plaintiff was told expressly and implicitly after his industrial injury he would remain employed so long as he continued doing as directed at Life's Garden.

47. Defendants, and each of them told Plaintiff would remain employed.

48. The facts, as recounted above, illustrate that defendants knew, or should have known, that the material facts which they made intending to induce Plaintiff to enter into the agreement(s) did in fact induce Plaintiff to place his trust with Defendants and to enter into the subject agreement.

49. The facts, as recounted above, illustrate that Defendants knew, or should have known, that the material facts which they made and which induced Plaintiff to enter the agreement were false. Defendants mad representations but did not disclose facts which

materially qualify the facts disclosed, and rendered the disclosed facts likely to mislead. As recounted, the facts were known and/or accessible only to Defendants, and Defendants knew the material facts were not known to or reasonably discoverable by Plaintiff.

WHEREFORE, Plaintiff pray for relief as follows:

## PRAYER

a. General damages according to proof, in the amount of $300,000;

b. Special damages according to proof, in the amount of $350,000;

c. Punitive and exemplary damages;

d. For costs of suit and for reasonable attorneys' fees under 42 USC §1988 and Cal. Government Code §12940, et seq.;

e. For pre-judgment and post-judgment interest;

f. For an order requiring Defendants, all persons acting on behalf of Defendants, and each of them, to do the following:

    1. To reinstate Plaintiff retroactively, and to stop all harassing acts aimed at Plaintiff, and others who may be affiliated with the plaintiff or similarly situated as the plaintiff;

    2. To retrain each of the individually-named defendants regarding the proper use of authority and the discipline process;

    3. To terminate the individually-named defendant with a history of committing similar acts of malfeasance.

g. Such other and further relief as the Court deems just and proper.

Date:   December 31, 2013

                                      */s/ Russell A. Robinson*
By:   Russell A. Robinson
Law Office of Russell A. Robinson
Counsel for Plaintiff
EDGAR MELENDEZ

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial, as is his right.

Date:   December 31, 2013

                                      */s/ Russell A. Robinson*
By:   Russell A. Robinson
Law Office of Russell A. Robinson
Counsel for Plaintiff
EDGAR MELENDEZ