UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| EDGAR MELENDEZ, | Case No.: 5:14-CV-01771-EJD |
| Plaintiff, | **ORDER GRANTING DEFENDANTS' MOTION TO DISMISS WITH LEAVE TO AMEND** |
| v. | |
| JEANNE EMMETT, SUNNYVALE LIFE, INC., DBA LIFE'S GARDEN, POLO PEREZ and DOES 1 through 40, | **[Re: Docket No. 24]** |
| Defendants. | |

Plaintiff Edgar Melendez ("Plaintiff") brings this instant action against Defendants Jeanne Emmett, Sunnyvale Life, Inc., Life's Garden, and Polo Perez ("Defendants"). Presently before this Court is Defendants' Motion to Dismiss Plaintiff's Amended Complaint ("AC"). See Docket Item No. 24. Plaintiff opposed the Motion. This motion is scheduled for hearing on October 3, 2014. Pursuant to Civil Local Rule 7-1(b), the Court determines that his matter is appropriate for resolution without oral argument and VACATES the hearing.

Having reviewed the parties' briefing, the Court GRANTS Defendants' Motion to Dismiss Plaintiff's Amended Complaint with Leave to Amend for the reasons explained below.

## I. Background

Plaintiff is a Puerto Rican-American male of mixed race, which includes African (black) ancestry. Dkt. No. 22 at ¶ 3. Defendant Jeanne Emmett is the administrator of Life's Garden. Id. at ¶ 4. Life's Garden is a seniors' resident apartment complex and is located in Sunnyvale, CA. Id.

1
Case No.: 5:14-CV-01771-EJD
ORDER GRANTING DEFENDANTS' MOTION TO DISMISS

Sunnyvale Life is the parent corporation of Life's Garden. Id. Defendant Polo Perez was Plaintiff's direct supervisor at Life's Garden. Id.

Plaintiff was hired on July 30, 2001 by Life's Garden to work in the maintenance department as a "painter-maintenance person." Id. at ¶ 10. On January 31, 2003, Plaintiff was injured on the job and suffered a fractured spine. Plaintiff returned to work after one year of disability and rehabilitation, but due to his spinal injuries, Plaintiff was no longer able to safely lift 100 pounds. Id. at ¶¶ 11-12. In January 2004, Defendants changed Plaintiff's job description to include acting as Life's Garden's back-up bus driver, which required him to maintain his commercial (Class B) driver's license. Id. at ¶ 13.

Plaintiff alleges that this new role required that he take and pass state and federal drug tests, that because of his injury, he was taking prescription pain medications that would prevent him from successfully passing these tests, and that Defendants would tell Plaintiff when the tests would occur so he could stop taking his medications to pass the tests. Id. at ¶¶ 14-16. Plaintiff alleges he was required to endanger himself and to break state and federal laws. Id. at ¶ 17. Finally, Plaintiff alleges that he was arrested for driving under the influence, and was terminated on the pretext of the suspension of his Class B license as of May 31, 2012. Id. at ¶ 23.

On June 13, 2014, Plaintiff filed the AC alleging causes of action for (1) 42 USC § 1981; (2) California Government Code § 12900, et seq.; (3) breach of implied obligation of good faith and fair dealing; (4) negligence; (5) intentional/negligent misrepresentation; and (6) infliction of emotional distress. See Dkt. No. 22. Now, Defendants filed a Motion to Dismiss Plaintiff's AC. See Dkt. No. 24.

## II. Legal Standard

On a Rule 12(b)(6) motion to dismiss for failure to state a claim, the complaint is construed in the light most favorable to the non-moving party, and all material allegations in the complaint are taken to be true. Sanders v. Kennedy, 794 F.2d 478, 481 (9th Cir. 1986); see Fed. R. Civ. P. 12(b)(6). This rule does not apply to legal conclusions - "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to state a claim. Ashcroft v. Iqbal, 556 U.S. 662, 663 (2009). While a complaint does not need detailed factual

allegations to survive a 12(b)(6) motion, plaintiffs must provide grounds demonstrating their entitlement to relief. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). Thus, the plaintiff must allege sufficient factual allegations "to raise a right to relief above the speculative level." Id. This threshold is reached when the complaint contains sufficient facts to allow the court to draw a reasonable inference that the defendant is liable for the alleged misconduct. Iqbal, 556 U.S. at 678.

Where a complaint or claim is dismissed, "[l]eave to amend should be granted unless the district court determines that the pleading could not possibly be cured by the allegation of other facts." Knappenberger v. City of Phoenix, 566 F.3d 936, 942 (9th Cir. 2009).

### III. Discussion

**A. Federal Claim**

Defendants contend that dismissal of Plaintiff's § 1981 claim is appropriate because Plaintiff has failed to allege any facts demonstrating that he was discriminated against based on his race or national origin.

Section 1981 provides: "[a]ll persons . . . shall have the same right . . . to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment . . . ." 42 U.S.C. § 1981(a). Section 1981 prohibits discrimination by private actors as well as discrimination under color of law. See 42 U.S.C. § 1981(c). To establish a claim under § 1981, Plaintiff must allege facts showing: (1) the plaintiff is a member of a racial minority; (2) an intent to discriminate on the basis of race by the defendant; and (3) the discrimination concerned one or more of the activities enumerated in the statute. Keum v. Virgin America Inc., 781 F. Supp. 2d 944, 954 (N.D. Cal. 2011).

Plaintiff alleges that he is Puerto Rican of mixed race, which includes African (black) ancestry. See AC at ¶ 3. Next, Plaintiff alleges that he and Life's Garden entered into an employment contract at the beginning of Plaintiff's employment with Life's Garden. Id. at ¶ 26. Plaintiff also alleges that Defendant Polo Perez, who was not Puerto Rican or Black, was permitted by Defendants Jeanne Emmett and Life's Garden to sexually and financially abuse the elderly, female residents at Life's Garden for years. Id. at ¶ 28. However, Plaintiff alleges that Defendant

3

1  Polo Perez was never investigated but Plaintiff was terminated after a single allegation of driving
2  under the influence because of his race and/or ethnic origin. Id. at ¶ 29.

3  Under these facts, Plaintiff has satisfied the first element of establishing a § 1981 claim by alleging that he is Puerto Rican of mixed race, which is a member of a racial minority group. The Plaintiff has also satisfied the third element because the alleged discrimination concerned the Plaintiff's employment contract with Life's Garden. However, Plaintiff has not pled sufficient facts to satisfy the second element because there are no facts linking the termination of his employment to intent to discriminate against Plaintiff on the basis of his race. See Mesumbe v. Howard University, 706 F. Supp. 2d 86, 92 (D.D.C. 2010) (holding that "[t]o plead intentional discrimination, plaintiff cannot merely invoke his race in the course of a claim's narrative and automatically be entitled to pursue relief. Rather, plaintiff must allege some facts that demonstrate that race was the reason for defendant's action."). Specifically, Plaintiff's allegations against Perez do not create a plausible link between that conduct and an intent to discriminate against Plaintiff based on his race, which raises the inference that something other than race motivated Defendant's decision. Moreover, Plaintiff alleges that he was terminated because he was caught driving under the influence outside his work. Therefore, apart from his conclusory assertion that Defendants "injured and impaired Plaintiff, a man with African-American (black) ancestry" and that "the disparate treatment and adverse employment actions were based on Plaintiff's race/origin" Plaintiff has pled no facts from which the Court can infer that any Defendant intentionally discriminated against him based on his race. General Bldg. Contractors Ass'n v. Pennsylvania, 458 U.S. 375, 391 (1982) ("§ 1981 . . . can only be violated by purposeful discrimination").

In sum, Plaintiff has not alleged sufficient facts that support a reasonable inference that the conduct he was allegedly subjected to was racially motivated. Accordingly, Defendants' Motion to Dismiss Plaintiff's § 1981 is GRANTED with leave to amend.

### B. Remaining State Law Claims

Federal court jurisdiction is limited to claims raising federal questions or involving parties with diverse citizenship. Exxon Mobil Corp. v. Allapattah Servs., Inc., 545 U.S. 546, 552 (2005). In this case, Plaintiff predicates this Court's subject matter jurisdiction on his federal claim. See 28

U.S.C. § 1331.  The Court's jurisdiction over his state law claims is based on supplemental jurisdiction.  28 U.S.C. § 1367(a).

At this juncture, the Court has dismissed Plaintiff's federal claim.  Because it is presently unclear whether Plaintiff can state a cognizable federal claim by amending his pleading to allege facts demonstrating a plausible claim under § 1981, the Court will not engage at this time in an analysis of whether Plaintiff has pled a cognizable state law claim for California Government Code § 12900, breach of implied obligation of good faith and fair dealing, negligence, intentional/negligent misrepresentation, and infliction of emotional distress.  See Jalili v. Far East Nat. Bank, 2013 WL 1832648, at *7 (N.D. Cal. 2013) (Armstrong, J.) (granting motion to dismiss federal claims and declining to consider viability of state law claims pending plaintiff's amendment of the federal claims).

## IV. CONCLUSION

Based on the reasons stated above, Defendants' Motion to Dismiss is GRANTED.  Plaintiff is granted leave to amend to rectify the deficiencies discussed above.  Plaintiff shall file an amended complaint within 15 days of the date this order is filed.

Because the Complaint is presently dismissed in its entirety, the court declines to set a case management schedule at this time.  However, the court will address scheduling issues as raised by the parties should it become necessary.  The hearing and Case Management Conference scheduled for October 3, 2014, are VACATED.

IT IS SO ORDERED

Dated: September 30, 2014

_____
EDWARD J. DAVILA
United States District Judge

5
Case No.: 5:14-CV-01771-EJD
ORDER GRANTING DEFENDANTS' MOTION TO DISMISS