UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| EDGAR MELENDEZ,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>SUNNYVALE LIFE, INC., et al.,<br><br>　　　　Defendants. | Case No. 5:14-cv-01771-EJD<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS**<br><br>Re: Dkt. No. 31 |
|---|---|

　　　　Plaintiff Edgar Melendez ("Plaintiff") was previously employed as a "painter-maintenance person" at a seniors' residential apartment complex located in Sunnyvale, California, known as Life's Garden. He was also designated the facility's back-up bus driver and was required to maintain a commercial driver's license. He was ultimately terminated on May 31, 2012, after receiving a citation for driving under the influence.

　　　　Plaintiff initiated the instant discrimination action on April 17, 2014, against Life's Garden and its parent company, Sunnyvale Life, Inc., as well as two of Life's Garden's employees, Jeanne Emmett ("Emmett"), and Polo Perez ("Perez") (collectively, "Defendants"). The court dismissed his First Amended Complaint ("FAC") on September 30, 2014, because he had not adequately stated a claim under 42 U.S.C. § 1981. He filed a Second Amended Complaint ("SAC") on October 15, 2014.

　　　　Defendants now move to dismiss the SAC. Plaintiff filed written opposition to the motion.

1

Case No.: 5:14-cv-01771-EJD
ORDER GRANTING DEFENDANTS' MOTION TO DISMISS

1  Federal jurisdiction arises under 28 U.S.C. § 1331, and the court previously found this matter
2  suitable for decision without oral argument pursuant to Civil Local Rule 7-1(b).  Having carefully
3  reviewed the parties' briefing in conjunction with Plaintiff's amended pleading, it is apparent the
4  factual allegations still do not successfully state a § 1981 claim.  Accordingly, Defendants' motion
5  will be granted and this action will be dismissed for the reasons explained below.

**I.   BACKGROUND**

Plaintiff is a Puerto Rican-American male of mixed race, which includes African (black) ancestry.  Dkt. No. 30 at ¶ 3.  Defendant Jeanne Emmett ("Emmett") is the administrator of Life's Garden.  Id. at ¶ 4.  Life's Garden is the name of a seniors' resident apartment complex and is located in Sunnyvale, California.  Id.  Sunnyvale Life, Inc. is the parent corporation of Life's Garden.  Id.  Defendant Polo Perez ("Perez") was Plaintiff's direct supervisor at Life's Garden.  Id.

Plaintiff was hired by Life's Garden on July 30, 2001, to work in the maintenance department as a "painter-maintenance person."  Id. at ¶ 10.  On January 31, 2003, Plaintiff was injured on the job and suffered a fractured spine.  Id. at ¶ 11.  Plaintiff returned to work after one year of disability and rehabilitation, but due to his spinal injuries, Plaintiff was no longer able to safely lift 100 pounds.  Id. at ¶¶ 11-12.  Thus, in January 2004, Defendants changed Plaintiff's job description to include acting as Life's Garden's back-up bus driver, which required him to maintain his previously-obtained commercial (Class B) driver's license.  Id. at ¶ 13.  Plaintiff alleges that no other employee of Life's Garden was required to obtain or to maintain a commercial driver's license.  Id.  For example, another Caucasian employee, "Dave M.," was not required to operate the facility bus or to maintain a Class B license.  Id.

In conjunction with his modified job duties, Plaintiff was required to take and pass state and federal drug tests.  Id. at ¶ 14.  It was unlikely Plaintiff would successfully pass the tests due to the prescription pain medications he was taking in connection with his prior workplace injury.  Id.  Plaintiff alleges that Defendants knew he would not pass and told him when the tests would occur so he could stop taking his medication.  Id. at ¶¶ 14-16.  Plaintiff also alleges he was

2
Case No.: 5:14-cv-01771-EJD
ORDER GRANTING DEFENDANTS' MOTION TO DISMISS

required to endanger himself and to break state and federal laws by driving the bus while under the influence of painkillers. Id. at ¶ 17. Although he expressed "puzzlement and objection" with this arrangement, he did not complain because he was rarely required to drive the bus and did not want to lose his job. Id. at ¶ 18.

Plaintiff did, however, raise another issue with management "again and again." Id. at ¶ 19. Plaintiff believed that Perez was engaging in "notorious, inappropriate and dangerous liaisons" with the female residents of Life's Garden and "frequently criticized these inappropriate relationships, directly to Perez and Emmett." Id. Plaintiff alleges that Emmett refused to take appropriate action in response and instead began to focus on terminating Plaintiff. Id. at ¶ 20.

Plaintiff was eventually terminated on May 31, 2012. Id. at ¶ 23. Although this occurred after his Class B license was suspended for driving under the influence, Plaintiff alleges this reason was pretext. Id.

Plaintiff initiated the instant action on April 17, 2014. He filed the FAC on June 13, 2014, alleging causes of action for (1) violation of 42 U.S.C. § 1981; (2) violation of California Government Code § 12900, et seq.; (3) breach of implied obligation of good faith and fair dealing; (4) negligence; (5) intentional/negligent misrepresentation; and (6) intentional infliction of emotional distress. Plaintiff filed the SAC reasserting the same claims on October 15, 2014, after his prior complaint was dismissed. This motion followed.

## II.   LEGAL STANDARD

In order to state a claim, Federal Rule of Civil Procedure 8(a) requires a plaintiff to provide "a short and plain statement of the claim showing that the pleader is entitled to relief." On a motion to dismiss for failure to state a claim, the complaint is construed in the light most favorable to the non-moving party, and all material allegations in the complaint are taken to be true. Sanders v. Kennedy, 794 F.2d 478, 481 (9th Cir. 1986); see Fed. R. Civ. P. 12(b)(6). This rule does not apply to legal conclusions - "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to state a claim. Ashcroft v. Iqbal, 556 U.S. 662, 663 (2009). While a complaint does not need detailed factual allegations to survive a Rule

3

Case No.: 5:14-cv-01771-EJD
ORDER GRANTING DEFENDANTS' MOTION TO DISMISS

12(b)(6) motion, a plaintiff must provide grounds demonstrating an entitlement to relief. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). Thus, the plaintiff must allege facts sufficient "to raise a right to relief above the speculative level." Id. This threshold is reached when the complaint allows the court to draw a reasonable inference that the defendant is liable for the alleged misconduct. Iqbal, 556 U.S. at 678.

Where a complaint or claim is dismissed, "[l]eave to amend should be granted unless the district court determines that the pleading could not possibly be cured by the allegation of other facts." Knappenberger v. City of Phoenix, 566 F.3d 936, 942 (9th Cir. 2009).

### III.     DISCUSSION

#### A.     Violation of 42 U.S.C. § 1981

Pursuant to 42 U.S.C. § 1981(a), "[a]ll persons . . . shall have the same right . . . to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment . . . ." "[T]o establish a § 1981 claim, the plaintiff must prove intentional or purposeful discrimination." DeHorney v. Bank of Am. Nat'l Trust & Sav. Ass'n, 879 F.2d 459, 467 (9th Cir. 1989); General Bldg. Contractors Ass'n v. Pennsylvania, 458 U.S. 375, 391 (1982) ("§ 1981 . . . can only be violated by purposeful discrimination."). Generally, there are three elements that must be pled to state a claim under § 1981: "(1) the plaintiff is a member of a racial minority; (2) an intent to discriminate on the basis of race by the defendant; and (3) the discrimination concerns one or more of the activities enumerated in the statute." Keum v. Virgin America Inc., 781 F. Supp. 2d 944, 954 (N.D. Cal. 2011). This section, unlike some other civil rights statutes, prohibits discrimination by both governmental and non-governmental actors. See 42 U.S.C. § 1981(c).

In examining Plaintiff's re-stated § 1981 claim, the court is mindful that to survive a motion to dismiss "an employment discrimination plaintiff need not plead a prima facie case of discrimination" since that evidentiary standard is reserved for later proceedings. Swierkiewicz v. Sorema N.A., 534 U.S. 506, 515 (2002). Also noted is the Supreme Court's application of what

has been described a "more lenient" version of Rule 8(a) to employment discrimination complaints.  See Starr v. Baca, 652 F.3d 1202, 1215 (9th Cir. 2011).  But even under this clarified level of scrutiny, the Ninth Circuit has specified that two principles still apply: "[f]irst, to be entitled to the presumption of truth, allegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." Id. at 1216. "Second, the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." Id.  Much like in other cases, "[t]he question at the pleading stage is not whether a plaintiff will ultimately prevail but whether he or she is entitled to offer evidence to support the claims." Kuang-Bao OuYoung v. Potter, No. C 10-0464 RS, 2011 U.S. Dist. LEXIS 22, at *7, 2011 WL 9113 (N.D. Cal. Jan. 3, 2011).

       The court previously found that Plaintiff satisfied the first element of a § 1981 claim by alleging that he is Puerto Rican and of mixed race.  The court also found the third element satisfied because Defendant's alleged discriminatory conduct occurred in relation to the performance of his employment duties at Life's Garden.  See 42 U.S.C. § 1981(b) ("[T]he term 'make and enforce contracts' includes the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship.").  As to the second element, however, the court determined the alleged facts were inadequate to establish the requisite causal connection between any discriminatory conduct and an adverse employment action.  See Mustafa v. Clark County Sch. Dist., 157 F.3d 1169, 1180 (1998) ("To establish a claim of discrimination, there must be a sufficient nexus between the alleged discriminatory remarks and the adverse employment decision."); see also Adams v. Vivo Inc., No. C 12-01854 DMR, 2012 U.S. Dist. LEXIS 109199, at *10-11, 2012 WL 3156812 (N.D. Cal. Aug. 3, 2012).  In other words, the FAC was not "sufficient to create a plausible inference that any of the defendants took an adverse action against him because of his race." Brown v. Contra Costa Cnty., No. C 12-1923 PJH, 2014 U.S. Dist. LEXIS 47030, at *15, 2014 WL 1347680 (N.D. Cal.

Apr. 3, 2014).

In the SAC, Plaintiff now asserts that he was treated differently than other employees when he returned to Life's Garden in January, 2004, after recovering from a workplace injury. Specifically, he alleges that none of the non-Puerto Rican employees were required to maintain a commercial driver's license, and none were trained as a back-up bus driver. He further contends that Perez, who is neither Puerto Rican nor black, was permitted by Emmett to "sexually and financially abuse the elderly, female residents" for years, while Plaintiff was terminated after receiving only one citation for driving under the influence. In addition, Plaintiff alleges that Perez referred to Plaintiff as "niger" and told him that driving the bus was not actually part of his job duties.

Defendants argue that these amended allegations are still insufficient to state a § 1981 claim. The court agrees. Much like the FAC, the SAC does not establish a sufficient connection between an employment decision adverse to Plaintiff and any form of discrimination, intentional or otherwise. Looking first at the bus-driving requirement, there are no facts in the SAC which plausibly support the inference that this duty was imposed on Plaintiff because he is Puerto Rican or of African descent. In fact, other allegations in the SAC seem to contradict such an inference since Plaintiff explains he was designated as the back-up bus driver only after an injury precluded him from performing all of the duties of a "painter-maintenance person" at Life's Garden. Moreover, Plaintiff's suggestion that Life's Garden's employees were engaged in some type of racially-motivated "set up" by making him drive the bus - the ostensible goal of which was to have Plaintiff successfully pass drug tests so that he would later be cited for driving under the influence - is supported only by speculation.

The allegation that Plaintiff was treated differently than Perez suffers from a similar deficiency. Accepting as true the contention that Plaintiff was terminated for a violation of the law while Perez was permitted to keep working despite his own violations, this difference in treatment does not itself raise a plausible inference that the action taken against Plaintiff was due to intentional discrimination. Indeed, outside of the conclusory allegation that "the disparate

6

Case No.: 5:14-cv-01771-EJD
ORDER GRANTING DEFENDANTS' MOTION TO DISMISS

treatment and adverse employment actions were based on Plaintiff's race/origin," there are no facts in the SAC which support the proposition that Emmett terminated Plaintiff out of racial animus, or that Emmett treated Perez more favorably because he is of a different race than Plaintiff. See Mesumbe v. Howard University, 706 F. Supp. 2d 86, 92 (D.D.C. 2010) ("To plead intentional discrimination, plaintiff cannot merely invoke his race in the course of a claim's narrative and automatically be entitled to pursue relief. Rather, plaintiff must allege some facts that demonstrate that race was the reason for defendant's action."). Perez's isolated use of a racial slur is not enough to insert a discriminatory motivation into the SAC or to reasonably impart any racial impropriety to Emmett given the circumstances in which the comment was made and the fact that Perez is not alleged to have participated in the decision to fire Plaintiff. See Merrick v. Farmers Ins. Group, 892 F.2d 1434, 1438 (9th Cir. 1990) ("'[S]tray' remarks are insufficient to establish discrimination."); see also Price Waterhouse v. Hopkins, 490 U.S. 228, 277 (1989) (O'Connor, J., concurring) ("[S]tatements by nondecisionmakers, or statements by decisionmakers unrelated to the decisional process itself" cannot alone establish discrimination.); but see Evans v. McKay, 869 F.2d 1341, 1344 (9th Cir. 1989) (observing that "overt acts coupled with racial remarks" have been deemed sufficient to state a discrimination claim).

As indicated above, § 1981 does not prohibit all forms of disparate treatment in the workplace; it is "violated only by intentional discrimination." General Bldg. Contractors Ass'n, 458 U.S. at 391. Here, Defendants' alleged conduct falls outside the scope of the statute's coverage even when the SAC is read in the light most favorable to Plaintiff. While Plaintiff may have been treated differently than other Life's Garden employees, he failed to "nudge" his theory of intentional race discrimination "across the line from conceivable to plausible." Iqbal, 556 U.S. at 680. Accordingly, Defendants' second motion to dismiss the § 1981 claim will be granted. This dismissal will be without leave to amend since allowing for another opportunity to resolve a deficiency previously identified by the court would be futile. Hartmann v. Cal. Dep't of Corr. & Rehab., 707 F.3d 1114, 1129-30 (9th Cir. 2013) ("A district court may deny leave to amend when amendment would be futile.").

**B.     State Law Claims**

The dismissal of Plaintiff's sole federal claim raises the issue of continuing jurisdiction since there is no longer a federal question apparent from the face of the SAC.

The jurisdiction of federal courts is limited, and is only properly exercised over those cases raising federal questions or involving parties with diverse citizenship. <u>Exxon Mobil Corp. v. Allapattah Servs., Inc.</u>, 545 U.S. 546, 552 (2005).  "[O]nce a court has original jurisdiction over some claims in the action, it may exercise supplemental jurisdiction over additional claims that are part of the same case or controversy."  <u>Id</u>.  However, a district court may properly decline to exercise supplemental jurisdiction over state-law claims if such claims "substantially predominate[] over the claim or claims over which the district court has original jurisdiction" or if the court "has dismissed all claims over which it has original jurisdiction."  28 U.S.C. § 1367(c).

Having determined that Plaintiff's § 1981 claim should be dismissed with prejudice, all that remains are claims based in state law.  The court therefore finds that state-law issues substantially predominate at this point and declines to exercise supplemental jurisdiction over the remaining claims.  They will be dismissed without prejudice.  <u>See</u> 28 U.S.C. § 1367(c)(3); <u>see also</u> <u>Acri v. Varian Assocs., Inc.</u>, 114 F.3d 999, 1000 (9th Cir. 1997) (en banc); see also <u>Freeman v. Oakland Unified Sch. Dist.</u>, 179 F.3d 846, 847 (9th Cir. 1999) ("Dismissals for lack of jurisdiction 'should be . . . without prejudice so that a plaintiff may reassert his claims in a competent court.'").

**IV.     ORDER**

Based on the foregoing reasons, Defendants' Motion to Dismiss (Dkt. No. 31) is GRANTED.  The claim under 42 U.S.C. § 1981 is DISMISSED WITHOUT LEAVE TO AMEND.  The remaining claims are DISMISSED WITHOUT PREJUDICE.  A judgment consistent with this order will be entered and the Clerk shall close this file.

**IT IS SO ORDERED.**

Dated:  June 23, 2015



EDWARD J. DAVILA  
United States District Judge